UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH FORD-NELSON ) <br> 936 Washington Ave ) <br> Lorain, OH 44052 ) <br> ) <br>     Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> MERCY HEALTH – REGIONAL ) <br> MEDICAL CENTER LLC D/B/A MERCY ) <br> MEDICAL REGIONAL MEDICAL ) <br> CENTER ) <br> c/o Statutory Agent Bernard J. Smith ) <br> 3700 Kolbe Road ) <br> Lorain, OH 44053 ) <br> ) <br>     Defendant. ) | CASE NO.: <br><br> JUDGE <br><br><br> **PLAINTIFF'S COMPLAINT** <br><br> **(Jury Demand Requested)** |

Now comes Plaintiff, Deborah Ford-Nelson, by and through counsel, and for her Complaint against Defendant Mercy Medical - Regional Medical Center LLC d/b/a Mercy Regional Medical Center ("Mercy Medical") states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff for meal periods during which she performed worked and for work performed after clocking out in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Lorain County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendant maintained its principal place of business in Lorain County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

12. Defendant owns and operates hospitals located primarily in Northeast Ohio.

13. Plaintiff Deborah Ford-Nelson was employed by Mercy Medical as a Clinical Nurse between August 1991 and September 2, 2016 at Mercy Regional Medical Center located in Lorain County, Ohio.

14. Defendant classified Plaintiff as a non-exempt employee.

15. Defendant paid Plaintiff on an hourly basis.

### (Failure to Pay for On-Duty Meal Periods)

16. Plaintiff was not provided bona fide meal periods during which she was completely relieved from duty.

17. Defendant automatically deducted on average thirty (30) minutes from her time card each day for a meal period, despite the fact that she frequently did not receive meal periods and/or performed work during meal periods.

18. Plaintiff did not receive meal periods and/or performed work during her meal period because of the substantial work that she had to perform each day.

19. During the time that was considered her meal period, Plaintiff among other things: completed patient's charts; reviewed her medicine sheet; took care of patient needs; and checked patient orders.

20. The work Plaintiff performed during her meal period was predominately for Defendant's benefit.

21. Plaintiff's supervisor(s)/manager(s) observed that she frequently did not receive meal periods and/or performed work during meal periods.

22. Plaintiff also reported to her supervisor(s)/manager(s) that she did not receive meal periods and/or performed work during those meal periods.

23. Plaintiff estimates that she performed work during her meal periods

approximately four (4) days per week.

24. As a result of Defendant's failure to pay Plaintiff for meal periods during which she performed work, Plaintiff was denied significant amounts of overtime compensation.

25. Defendant knowingly and willfully failed to pay Plaintiff for meal periods during which she performed work.

**(Failure to Pay for Post-Shift Time)**

26. In addition to requiring nurses to complete patient charts, complete and review medication sheets, check orders, Defendant required all night-shift nurses to spend at least five (5) minutes in each patient's room prior to leaving.

27. Due to the number of patients Plaintiff was responsible for, she was unable to complete all of her required duties, including spending the required time in each patient's room during her shift time, and thus would work beyond her scheduled shift time.

28. Plaintiff reported this additional time on Defendant's Overtime Log Sheet and called her supervisor to explain why she worked over her shift.

29. Plaintiff received discipline in the form of written warnings for working this "unauthorized" overtime.

30. When Plaintiff did not complete the patient visits in an effort to leave at her scheduled time, her manager Tina Allgood told Plaintiff that they expect her to go in each room and see the patient prior to leaving.

31. As a result of being disciplined on more than one occasion for working past her scheduled shift time, Plaintiff, fearful for her job, stopped recording the time she worked after clocking out on the Overtime Log Sheet.

32. Plaintiff clocked out at the end of her shift and continued working, performing

medication passes, charting, and performing walk arounds to patient's rooms.

33. Plaintiff estimates that she worked an additional thirty (30) minutes after clocking out.

34. Plaintiff reported to Director Marty Allen and Manager Tina Allgood that she was working past her scheduled shift time but was not being paid for it.

35. The post-shift work Plaintiff performed after her shift each day was compensable under the FLSA.  The post-shift work constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

36. As a result of Defendant's failure to pay Plaintiff for work performed after her shift, Plaintiff was denied significant amounts of overtime compensation.

37. Defendant knowingly and willfully failed to pay Plaintiff for work performed after her shift.

### (Failure to Keep Accurate Records)

38. Upon information and belief, Defendant failed to make, keep, and preserve records worked by Plaintiff as a Clinical Nurse.

39. As a result of Defendant's record-keeping policies, the work Plaintiff performed is unrecorded in Defendant's time and earnings records.

### (Defendant willfully violated the FLSA)

40. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COUNT ONE
### (Fair Labor Standards Act Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

42. Defendant's practice and policy of not paying Plaintiff for meal periods during which she performed work violated the FLSA, 29 C.F.R. § 785.19.

43. Defendant's practice and policy of not paying Plaintiff for work performed post-shift violated the FLSA, 29 U.S.C. 201-219.

44. By engaging in the above described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff has been damages in that she has not received wages due to her pursuant to the FLSA.

**COUNT TWO**
**(O.R.C. §§ 4111.03 and 4111.10 Violations)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendant's practice and policy of not paying Plaintiff for meal periods during which she performed work violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

48. Defendant's practice and policy of not paying Plaintiff for work performed post-shift violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

49. By engaging in the above described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

50. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.   Award Plaintiff actual damages for unpaid overtime compensation;

B.   Award Plaintiff liquidated damages equal in amount to the unpaid overtime

compensation found due to Plaintiff under the FLSA;

  C.  Award Plaintiff pre- and post-judgment interest at the statutory rate;

  D.  Award Plaintiff attorneys' fees, costs, and disbursements; and

  E.  Award Plaintiff further and additional relief as this Court deems just and proper.

            Respectfully submitted,

            /s/ Lori M. Griffin
            Lori M. Griffin (0085241)
            Chastity L. Christy (0076977)
            Anthony J. Lazzaro (0077962)
            The Lazzaro Law Firm, LLC
            920 Rockefeller Building
            614 W. Superior Avenue
            Cleveland, Ohio 44113
            Phone: 216-696-5000
            Facsimile: 216-696-7005
            lori@lazzarolawfirm.com
            chastity@lazzarolawfirm.com
            anthony@lazzarolawfirm.com
            Attorneys for Plaintiff

## **JURY DEMAND**

 Plaintiff hereby demands a trial by jury on all issues so triable.

            /s/ Lori M. Griffin
            One of the Attorneys for Plaintiff